# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **STATE FARM FIRE AND CASUALTY COMPANY**, a foreign corporation, </br></br>Plaintiff,</br></br>v.</br></br>**TODD GROFF**, Individually, and **DIANE GROFF**, Individually</br></br>Defendants. | )</br>)</br>)</br>)</br>)</br>)</br>) Case No. CIV-10-171-SPS</br>)</br>)</br>)</br>)</br>) |

## OPINION AND ORDER GRANTING IN PART/DENYING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

The Defendants Todd and Dianne Groff own a rent house in Henryetta, Oklahoma. A tenant damaged the house by manufacturing methamphetamine on the premises with a "Shake 'n' Bake" meth lab, and the Groffs submitted a claim to the Plaintiff State Farm Fire and Casualty Company. State Farm denied the Groffs' claim based on an exclusion in their policy for contamination, and filed this action for declaratory relief as to its duty to indemnify the Groffs for the loss. The Groffs sued State Farm for breach of contract and bad faith in the District Court of Okmulgee County, Case No. CJ-2010-152, which State Farm removed to this Court in Case No. CIV-10-238. The two cases were consolidated for purposes of discovery, and State Farm has now sought summary judgment pursuant to Fed. R. Civ. P. 56 absolving it of liability to the Groffs under the policy. For reasons set forth below, the Court finds that the Plaintiff's Motion for

Summary Judgment and Brief in Support [Docket No. 36] should be granted in part and denied in part.

## Law Applicable

This is a diversity case, so Oklahoma substantive law applies. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64 (1938). Under Oklahoma law, "[a]n insurance policy is a contract, and a contract is to be construed as a whole, giving effect to each of its parts. The interpretation of an insurance contract and whether it is ambiguous is determined by the court as a matter of law." *Haworth v. Jantzen*, 2006 OK 35, ¶ 13, 172 P.3d 193, 196. Insurance policies are contracts of adhesion, and Oklahoma courts use a number of rules for interpreting such policies:

> 1) ambiguities are construed most strongly against the insurer; 2) in cases of doubt, words of inclusion are liberally applied in favor of the insured and words of exclusion are strictly construed against the insurer; 3) an interpretation which makes a contract fair and reasonable is selected over that which yields a harsh or unreasonable result; 4) insurance contracts are construed to give effect to the parties' intentions; 5) the scope of an agreement is not determined in a vacuum, but instead with reference to extrinsic circumstances; and 6) words are given effect according to their ordinary or popular meaning.

*Max True Plastering Co. v. U.S. Fidelity & Guaranty Co.*, 1996 OK 28, ¶ 8, 912 P.2d 861, 865 [citations omitted].

Summary judgment should be granted if the record shows that "there is no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that

party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has the burden of showing the absence of a genuine issue of material fact, *see Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), and the evidence is to be taken in the light most favorable to the non-moving party, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). However, an adverse party must "properly support an assertion of fact or . . . properly address another party's assertion of fact as required by Rule 56(c)" by "citing to particular parts of materials in the record . . . or . . . showing that the materials cited do not establish the absence or presence of a genuine dispute[.]" Fed. R. Civ. P. 56(c).

## Analysis

State Farm contends that summary judgment is appropriate because the Groffs' loss consists of or was caused by contamination, which is specifically excluded under the policy. The Groffs contend that the term "contamination" is ambiguous and should not be construed to frustrate their reasonable expectations of coverage. They also contend that the manufacture of methamphetamine inside the rent house amounted to vandalism, which was covered under the policy, and that such vandalism (not contamination) is the "efficient proximate cause" of their loss. The Court finds that the term "contamination" is not ambiguous, that the "efficient proximate cause" doctrine does not apply to the facts of this case, and that most of the loss suffered by the Groffs consisted of contamination. State Farm is therefore entitled to summary judgment to that extent. But the Groffs claim some loss that is not contamination, and State Farm is not entitled to summary judgment with regard to such loss.

The contamination exclusion is in the "Section I – Losses Not Insured" portion of the policy, which provides as follows under Paragraph 1(k): "We do not insure for loss to the property described in Coverage A and Coverage B either consisting of, or directly and immediately caused by . . . contamination[.]"  Coverage A applies to the rent house.  The policy does not define "contamination," but the "[t]erms of an insurance policy must be considered not in a technical but in a popular sense, and must be construed according to their plain, ordinary and accepted sense in the common speech of men, unless it affirmatively appears from the policy that a different meaning was intended."  *Webb v. Allstate Life Insurance Co.,* 536 F.2d 336, 339 (10th Cir. 1976) [citation omitted].  In common parlance, "contaminate" is defined as "to render unfit for use by the introduction of unwholesome or undesirable elements," WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 491 (1961), and "contamination" is defined as "that which contaminates" or "the process by which something becomes contaminated."  The methamphetamine fumes and the residue thereof on surfaces in the house thus fall within this ordinary definition of contamination, *i. e.*, they constitute unwholesome or undesirable elements introduced into the house that rendered it unfit for use.  *Accord, Moulder v. State Farm Fire & Casualty Co.,* No. CIV-10-230-RAW, *slip op.* at 8 (E.D. Okla. Oct. 20, 2010) (granting summary judgment based on a contamination exclusion where the house was damaged by the burning of adulterated propane that left a white fluorine residue on interior surfaces).[1]

---

[1]  The Groffs note that State Farm proffered not only the dictionary definition quoted above but also "a condition of impurity resulting from mixture or a contact with a foreign substance" and argue that such alternative definitions *ipso facto* render the term "contamination" ambiguous.  The Court does not agree; the methamphetamine fumes and residue present in the Groffs' rent house would be contamination under

Beyond the question of ambiguity, the Groffs contend they are entitled to coverage because any contamination was caused by vandalism, which is covered under the policy and constitutes the "efficient proximate cause" of their loss notwithstanding the exclusion for contamination.  "In determining the cause of a loss for the purpose of fixing insurance liability, when evidence of concurring causes of the damage appears, the proximate cause to which the loss is to be attributed is the dominant, the efficient one that sets the other causes in operation; and causes which are incidental are not proximate, though they may be nearer in time and place to the loss."  *Shirey v. Tri-State Insurance Co.,* 1954 OK 214, ¶ 12, 274 P.2d 386, 389, *quoting Clouse v. St. Paul Fire & Marine Insurance Co.,* 152 Neb. 230, 40 N.W.2d 820, 823 (1950).  *See also Pennsylvania Fire Insurance Co. v. Sikes,* 1946 OK 142, ¶¶ 13-16, 168 P.2d 1016, 1019-20.  But this doctrine "applies only when two or more identifiable causes, at least one of which is covered under the policy and at least one of which is excluded, contribute to a single property loss."  *Kelly v. Farmers Insurance Co.,* 281 F. Supp. 2d 1290, 1296 (W.D. Okla. 2003).  Thus, for example, where a covered windstorm could combine with an excluded collision to cause loss, "the insured may recover if the windstorm was the efficient and proximate cause of the damage . . . it is immaterial that the damage may have been incidentally and indirectly

---

either definition because they would also render the house impure through contact by a foreign substance.  The Groffs also argue that State Farm's definitions of contamination are so overly broad as to include, for example, smoke damage, but there is no evidence that the house was damaged by smoke as opposed to the fumes or residue of methamphetamine manufacture.  The Groffs have thus proffered no reasonable definition of "contamination" that would not exclude the damage they suffered.  *See Andres v. Oklahoma Farm Bureau Mutual Insurance Co.*, 2009 OK CIV APP 97, ¶ 7, 227 P.3d 1102, 1105 ("Policy language is ambiguous if it is reasonably susceptible to more than one meaning on its face.") [citations omitted]**.**

contributed to by other causes expressly excluded from coverage." *Shirey,* 1954 OK 214, ¶ 8, 274 P.2d at 388. *See also Kelly,* 281 F. Supp. 2d at 1298 (where covered water damage could have combined with excluded mold to cause the loss, "the Court perceives no reason to question the possibility that both perils contributed to the loss. Consequently, the factual predicate for application of the efficient proximate cause doctrine is present."); *Duensing v. State Farm Fire & Casualty Co.,* 2006 OK CIV APP 15, ¶¶ 30-34, 131 P.3d 127, 132 (following the rationale in *Kelly* where a covered water leak could have combined with excluded earth settling to cause a loss). In this case, however, the "efficient proximate cause" doctrine is inapplicable because there are not "two or more identifiable causes." The sole cause of the loss here was the manufacture of methamphetamine inside the rent house, and the resulting loss, *i. e.*, the contamination of the house by methamphetamine fumes, is specifically excluded by the policy.

State Farm focuses upon the Groffs' initial discovery responses and contends that the contamination exclusion disposes of all loss claimed herein. But supplements to these responses indicate that the Groffs claim losses not caused by the tenant's manufacture of methamphetamine, *e. g.*, holes in doors/walls and broken windows.[2] State Farm contends this is ordinary wear and tear, but the Court finds there is a question of fact on this point. The Groffs also claim losses due to corrosion of various fixtures within the house. Noting that any corrosion was caused by contamination, State Farm contends that coverage is barred by the contamination exclusion. But corrosion is not contamination,

---

[2] State Farm urges the Court to ignore the Groffs' supplemental discovery responses and grant summary judgment on the basis of their original discovery responses. The Court declines to do so in the absence of any demonstrated prejudice to State Farm.

and it is not otherwise specifically excluded under the policy. Coverage may therefore be available under the last sentence of Paragraph 1 of Section I -- Losses Not Insured, which provides that "we do insure for any ensuing loss from a. through n. [including "k. contamination"] unless the loss is itself a Loss Not Insured by this Section." *Accord, Moulder,* No. CIV-10-230-RAW, *slip op*. at 9 ("Defendant already paid the cost to have Plaintiff's windows replaced because Defendant realized that the damage to the windows [etching caused by the contaminating fluorine] was the result of, but did not consist of contamination, and so was not excluded under the Losses Not Insured section."). State Farm is not entitled to summary judgment on these categories of claimed losses.

In summary, State Farm is entitled to judgment in its favor as a matter of law on the issue of coverage for contamination, *i. e.*, the presence of methamphetamine fumes or residue thereof on walls and other surfaces in the Groffs' rent house. There are, however, questions of fact as to coverage for other items of loss, *e. g.*, holes in walls or doors, broken windows and corrosion, and State Farm is not entitled to judgment as a matter of law in this regard. Accordingly, IT IS HEREBY ORDERED that the Plaintiff's Motion for Summary Judgment and Brief in Support [Docket No. 36] is GRANTED IN PART and DENIED IN PART.

**DATED** this 7th day of September, 2011.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma